(No. 794—Claimant awarded $4,500.00.)

JOHN GEBHART, ADMINISTRATOR ESTATE OF HENRY GEBHART, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

RESPONDEAT SUPERIOR—*the State is not liable for injuries sustained by its employees.* The State is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* As an act of social justice and equity, and under the circumstances in the case, the court may recommend to the legislature an appropriation to claimant.

ROLLAND M. WAGNER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, John Gebhardt, administrator of the estate of Henry Gebhardt, deceased, brings this suit to recover com-

pensation for the death of said decedent, caused by being gored by a vicious bull.

The facts, briefly stated, are as follows:

The decedent on the 16th day of August, 1923, while in the employ of the State of Illinois in the capacity of dairyman at the Soldiers' and Sailors' Home located in Adams county, Illinois, and while in the discharge of his usual duties and without fault or blame on his part, was viciously attacked by a bull belonging to the defendant, State, and gored to death.

The evidence discloses without refutation that the bull was never known to be ill or vicious before, but on the contrary the brute was perfectly docile and gentle, a fact which would excuse the deceased from the exercise of any other than ordinary care and prudence in going about such an animal. It had never been known to attack anybody, a fact that also as a legal proposition relieves the defendant from liability for damages, as the Supreme Court has often held in similar cases.

Decedent left him surviving no widow, but eight children survived him, six of whom were under the ages of their majority, ranging from eleven to seventeen years old, who were, in a measure, dependent upon their father for support and education.

Mr. Johnson, the Assistant Attorney General, cites numerous authorities why the State is not liable in this case, all of which are in point and are decisive and are the law in this case, as we have repeatedly held, and we will not discuss the law laid down in the authorities so cited, still the court is always interested and pleased to have counsel in all cases when deemed proper, furnish the court with a brief of authorities.

However, this case is one that appeals to the sympathy of the court, and we have concluded, in the interest of social justice, equity and good conscience, to recommend, and do hereby recommend to the legislature, that it make an appropriation to claimant, John Gebhardt, administrator of the estate of Henry Gebhardt, deceased, the sum of $4,500.00, which amount we hereby award.